**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBIA SERNA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　　Defendant. | No.  1:23-CV-01225-KES-CDB<br><br>ORDER SETTING DEADLINE FOR FILING OF ADDITIONAL DECLARATIONS<br><br>(Doc. 6) |

Plaintiff Rubia Serna brought this case in state court on July 6, 2023, alleging that defendant Costco Wholesale Corporation ("Costco") negligently failed to maintain a safe condition at its store in Bakersfield, California, and that plaintiff was injured when she slipped and fell in the store. Doc. 1-1 ("Compl."). The complaint asserts causes of action under California law for premises liability and negligence. *Id.* On August 16, 2023, defendant removed the action to this court based on diversity jurisdiction. Doc. 1 ("Notice of Removal"). Plaintiff filed the pending motion to amend her complaint on September 22, 2023. This action was reassigned to the undersigned on March 14, 2024. Doc. 12.

In her motion, plaintiff seeks to join as a defendant Martha Amador Lopez, whom she alleges was the Costco store manager. Doc. 6 ("Mot. to Remand"). Principally, plaintiff argues that the store manager is a proper defendant to be included in the action because the store manager also owed duties to plaintiff under California law, and therefore, her claims against

1

Costco and the store manager should be adjudicated together as permitted by 28 U.S.C. § 1447(e), which addresses post-removal joinder of non-diverse parties. *Id.* at 8–16. If the court permits joinder of the store manager, plaintiff argues that the court must also remand the action to state court because complete diversity between the parties will no longer exist as Ms. Lopez is a resident of California, like plaintiff. *Id.* at 16–17.

Defendant contends that Ms. Lopez is not, and never was, the store manager of the Bakersfield Costco, and that Ms. Lopez also was not an employee of Costco in any other capacity. Doc. 8 ("Def.'s Opp'n") at 6, 7, 9; Doc. 8-1 at ¶ 12. Rather, defendant asserts that Ms. Lopez was merely a witness to the accident. *Id.*; *see also* Doc. 8-9 (identifying "Martha Amador" as a witness to the accident). Therefore, defendant argues, this amounts to "fraudulent joinder," an attempt to join a party against whom plaintiff has no colorable claim and whose inclusion is meant solely to defeat diversity jurisdiction. Def.'s Opp'n at 9–11.

"In the Ninth Circuit, [fraudulent joinder is found] if, after *all disputed questions of fact and all ambiguities in controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.*" *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1085 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989)) (emphasis added). Claims of fraudulent joinder can be "resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess* Cruises, 236 F.3d 1061, 1068 (9th Cir. 2001) (citations omitted); *see also Nasrawi*, 713 F. Supp. 2d at 1085 ("A court may look beyond the pleadings to determine if a defendant is fraudulently joined . . . ."). The burden is on the defendant to prove fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1023 (9th Cir. 2007).

Neither party has submitted "summary judgment-type evidence" that courts typically use to resolve factual disputes of this nature. *See Morris*, 236 F.3d at 1068; *see also Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 995–96 (D. Nev. 2005) ("[A court] may pierce the pleadings to make factual determinations . . . [but defendants] have not provided this Court with any evidence to 'pierce the pleadings' and allow a more detailed analysis of the law as it is relevant to

2

the facts of this case."). Plaintiff includes an unsupported declaration from one of her lawyers, Kevin A. Kidwell, asserting that his law firm hired a private investigator, and "based on that third parties' investigation," learned that Ms. Lopez was the store manager at the time of the accident. Doc. 6-1 at ¶ 4. Defendant includes an unsupported declaration from one of its lawyers, Mellania E. Safarian, asserting that, based on defendant and counsel's investigation, Ms. Lopez was not the store manager or a Costco employee at the time of the accident. Doc. 8-1 at ¶ 12.

Based upon the foregoing the court ORDERS:

1. By July 1, 2024, each party may submit a declaration of no more than 5 pages, plus any attached exhibits, with summary-judgment type evidence as to whether Ms. Lopez was the Costco store manager or a Costco employee at the relevant time.

2. Each party may submit a response of no more than 5 pages by July 8, 2024.

IT IS SO ORDERED.

Dated:   June 21, 2024

_____
UNITED STATES DISTRICT JUDGE

3