# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIA SERNA, <br><br>        Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br>        Defendant. | No. 1:23-CV-01225-KES-CDB <br><br> ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND ACTION TO STATE COURT <br><br> (Doc. 6) |

Plaintiff Rubia Serna ("Serna") brought this case in state court alleging that defendant Costco Wholesale Corporation ("Costco") negligently failed to maintain a safe condition at its store in Bakersfield, California, and that plaintiff was injured when she slipped and fell in the store. Doc. 1-1. The complaint asserts causes of action under California law for premises liability and negligence. *Id.* Costco removed the action to this court on August 16, 2023, based on diversity jurisdiction. Doc. 1.

On September 22, 2023, Serna filed the pending motion to file a first amended complaint joining Martha Amador Lopez, whom she alleged was the manager of the store, as a defendant. Doc. 6. In her motion, Serna also moved to remand the case to state court as diversity would no longer exist following the joinder of Ms. Lopez as a defendant. In its opposition filed October 16, 2023, Costco disputed that Ms. Lopez was the store manager or a Costco employee at the time of plaintiff's accident. Doc. 8 at 6–7, 9. Costco argued that Serna's motion should be denied as

there was no basis for the proposed claims against Ms. Lopez and plaintiff's attempt to add her constituted fraudulent joinder of a non-diverse defendant. Doc. 8. Serna did not file a reply.

In their initial filings, both parties relied on brief, unsupported statements from their lawyers as to whether Ms. Lopez was or was not the Costco store manager at the time of the accident. *See* Doc. 6-1 at ¶ 4; Doc. 8-1 at ¶ 12. Their attorneys' declarations were conflicting and were not supported by admissible evidence. On June 21, 2024, the court set a deadline of July 1, 2024, for the parties to submit additional evidence as to whether Ms. Lopez was the store manager at the relevant time. Doc. 14. Both parties submitted additional declarations on July 1, 2024. Doc. 15; Doc. 16.

Costco has now submitted evidence clearly establishing that Ms. Lopez was not the store manager or a Costco employee. Doc. 16. In her filing, Serna concedes that Ms. Lopez was not the store manager. Doc. 15. Serna acknowledges that she misidentified Ms. Lopez as the store manager in her motion and in her proposed first amended complaint. *Id.* Serna now contends and offers evidence that Michael Stranahan was the store manager at the time of plaintiff's injury. Doc. 15 ¶¶ 5–7. None of plaintiff's prior filings made any mention of Mr. Stranahan. In its response, Costco argues that Serna's motion should be denied as the proposed first amended complaint fails to establish any cause of action against Ms. Lopez or Mr. Stranahan.[1]

There is clearly no basis to join Ms. Lopez in this action, as Serna now acknowledges. *See* Doc. 15 ¶ 8. The proposed first amended complaint alleges that Ms. Lopez owed a common law duty of care to customers as the store manager. The alleged claims against Ms. Lopez fail to state a claim, as Ms. Lopez was not the manager. As Serna has failed to establish a cause of action against Ms. Lopez, there is no basis for the motion to amend the complaint to add her as a defendant. Nor does the proposed first amended complaint assert any claim against Mr. Stranahan, and Serna does not argue that it does so. As Serna's motion and proposed first

---

[1] Costco also argues that Serna's motion should be denied as Serna has failed to meet and confer concerning a proposed amendment to add claims against Mr. Stranahan. Doc. 17 at 2–3. While a party is required to meet and confer with the opposing party prior to filing a motion, *see* Doc. 12-1 (Standing Order in Civil Cases), Costco cites to inapplicable local rules from another district. In any event, while Serna has filed a declaration explaining its error as to the store manager, it has not moved to amend its motion. *See* Doc. 15.

amended complaint clearly identify the wrong individual as the store manager, and the proposed first amended complaint fails to state a claim as to Ms. Lopez, the court denies the motion. The denial is without prejudice, as Serna may be able to allege claims as to Mr. Stranahan in an amended motion and proposed amended complaint.

Based upon the foregoing, plaintiff's motion to remand, Doc. 6, is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   July 10, 2024

_____
UNITED STATES DISTRICT JUDGE