1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 RUBIA SERNA, | No.  1:23-CV-01225-KES-CDB |
| 12          Plaintiff, | ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT AND TO REMAND ACTION |
| 13      v. | |
| 14 COSTCO WHOLESALE CORPORATION, | (Doc. 22) |
| 15 | |
| 16          Defendant. | |

17        Plaintiff Rubia Serna ("Serna") moves to amend her complaint and to remand this action

18  to Kern County Superior Court.  Doc. 22 ("MTR").  Defendant Costco Wholesale Corporation

19  ("Costco") filed an opposition, Doc. 24 ("Opp'n"); Serna did not file a reply.  The Court took the

20  motion under submission on October 17, 2024.  Doc. 25.  For the reasons set forth below, Serna's

21  motion is granted.

22  **I.    Background**

23        On July 6, 2023, Serna brought this case in state court alleging that defendant Costco

24  negligently failed to maintain a safe condition at its store in Bakersfield, California, and that she

25  was injured when she slipped and fell in the store.  Doc. 1-1 ("Compl.").  The complaint asserts

26  causes of action under California law for premises liability and negligence against Costco and

27  Doe defendants.  *Id.*  Costco removed the action to this Court on August 16, 2023, based on

28  diversity jurisdiction.  Doc. 1 ("Notice of Removal").

In its notice of removal, Costco asserted that this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000 and the parties are completely diverse.  *Id.* ¶¶ 5–6.  Serna is a resident of Bakersfield, California, and Costco is a corporation registered in the state of Washington with its principal place of business in Washington.  *Id.* ¶ 5.

On September 22, 2023, Serna filed a motion to file a first amended complaint joining Martha Amador Lopez, whom she alleged was the Costco store manager, as a defendant.  Doc. 6.  In her motion, Serna also moved to remand the case to state court as diversity would no longer exist following the joinder of Ms. Lopez as a defendant.  *Id.*  In its opposition filed October 16, 2023, Costco disputed that Ms. Lopez was the store manager or a Costco employee at the time of Serna's accident.  Doc. 8 at 6–7, 9.[1]

On June 21, 2024, the Court set a deadline for the parties to submit additional evidence as to whether Ms. Lopez was the store manager, Doc. 14, and both parties filed declarations which established that Serna had attempted to join the wrong person, *see* Doc. 15; Doc. 16.  For that reason, on July 10, 2024 the Court denied without prejudice Serna's initial motion to file a first amended complaint and to remand the case.  Doc. 18.

On August 30, 2024, Serna filed the pending motion for leave to amend and for remand of the case to state court.  MTR.  Serna seeks leave to amend her complaint so that she can join as a defendant Michael Stranathan, whom she now contends was the store manager of the Bakersfield Costco on the date of her accident.  *Id.* at 5.  Serna submitted evidence demonstrating that he was the manager on that date.  Doc. 22-1 ("Kidwell Decl.") ¶¶ 7–8; Doc. 15, Ex. B ("Kazakian Decl.") ¶¶ 5–7; Doc. 15, Ex. E at 45–47; Doc. 15, Ex. F at 50, 59–60.  Costco does not dispute that Mr. Stranathan was the store manager on the date of Serna's accident.  *See generally* Opp'n; Doc. 23-1 ("Melo Decl.").

Principally, Serna argues Mr. Stranathan is a proper defendant to be included in the action because store managers owe a duty of care to customers under California law, and therefore, her

---

[1]  Due to the elevation of the prior district judge, no district judge was assigned to this matter from December 1, 2023 to March 13, 2024.  The case was reassigned to the undersigned on March 14, 2024.

claims against Costco and the store manager should be adjudicated together, as permitted by 28 U.S.C. § 1447(e), the statutory standard for post-removal joinder of non-diverse parties.  MTR at 7–16.  If the Court permits joinder of the store manager, Serna argues that the Court must also remand the action to state court because complete diversity between the parties will no longer exist as the store manager is a resident of California, like Serna.  *Id.* at 17.  In opposition, Costco asserts fraudulent joinder and argues, alternatively, that the Court should exercise its discretion to deny the motion based on Serna's delay in seeking joinder of Mr. Stranathan.  Opp'n at 6–7, 8–10.

## II.   Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "The language of § 1447(e) is couched in permissive terms," and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court."  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  District courts generally consider the following factors when exercising their discretion to permit or deny joinder of non-diverse defendants:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) ("Rule 19") as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendant[] in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing, *inter alia*, *Palestini v. Gen. Dynamics Corp.,* 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

"Any of these factors might prove decisive, and none is an absolutely necessary condition of joinder."  *Sabag v. FCA US, LLC*, No. 2:16-CV-06639-CAS(RAOX), 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (quoting *Cruz v. Bank of N.Y. Mellon*, No. 12-00846, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)).  Considerations of judicial economy are especially

3

1   relevant and often animate courts' assessment of these factors. *See, e.g.*, *Palestini*, 193 F.R.D. at

2   658 ("The alternative of separate lawsuits and indemnity actions between defendants is a waste of

3   time and resources.").  A defendant "bears the burden of establishing that removal is proper," and

4   any doubt as to removability is resolved in favor of remand. *Provincial Gov't of Marinduque v.*

5   *Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

6   **III.**   **Discussion**

7           The Court turns to Serna's motion for post-removal joinder of Mr. Stranathan, and to

8   Costco's fraudulent joinder argument, and considers in turn each of the six factors set out above.

9           First, the Court considers whether a new defendant should be joined under Rule 19 as

10   needed for just adjudication.  "Rule 19 requires joinder of persons whose absence would preclude

11   the grant of complete relief, or whose absence would impede their ability to protect their interests

12   or would subject any of the parties to the danger of inconsistent obligations." *Dunning v.*

13   *Hallmark Specialty Ins. Co.*, No. 2:20-cv-02455-ODW, 2020 WL 6123133, at *2 (C.D. Cal. Aug.

14   11, 2020) (citation omitted).  It is important to note, however, that "[a]lthough courts consider

15   whether a party would meet [Rule 19's] standard for a necessary party, amendment under

16   § 1447(e) is a less restrictive standard than for joinder under" Rule 19. *IBC Aviation Serv.*, 125 F.

17   Supp. 2d at 1011–12.  Therefore, this factor supports joinder when "failure to join would lead to

18   separate and redundant actions" and discourages joinder when the party sought to be joined is

19   only "tangentially related to the cause of action or would not prevent complete relief." *Id.*

20           This factor favors joinder.  Serna has a colorable claim against both the store manager and

21   Costco, and those claims are closely related.  California courts recognize that store managers owe

22   a common law duty of care to invitees and can be held liable for breach of that duty. *See Dillon*

23   *v. Wallace*, 148 Cal. App. 2d 447, 455–56 (Cal. Dist. Ct. App. 1957) ("Here, [the defendant store

24   manager] was in charge of the market and under a duty to protect its customers from injury by the

25   exercise of ordinary care. . . . The breach of that duty to the customers will render him [and his

26   employer] liable to them.").  In addition, federal courts routinely allow joinder of store managers

27   notwithstanding the defendant employer's argument that they are not a necessary party due to the

28   employer's vicarious liability. *See, e.g.*, *Vreeland v. Target Corp.*, No. C 09-5673, 2010 WL

4

545840 (N.D. Cal. Feb. 11, 2010) (holding that post-removal joinder of store manager was proper because plaintiff made out colorable common law claim of negligence against store manager, even though employing company could be held vicariously liable). "Respondeat superior makes employers vicariously liable for the negligent acts of their employees . . . [but it] does not shield employees from suits for their negligence, [so employees] may be properly joined under Rule 19." *Forster v. Tractor Supply Co.*, No. 1:23-cv-00627-KES-BAM, 2024 WL 3913461, at *3 (E.D. Cal. Aug. 23, 2024) (internal quotations omitted). The underlying acts supporting Serna's claims are the same for both defendant Costco and the store manager, and in the interest of efficiency and judicial economy these claims should be heard together.

Second, the Court considers the effect of the statute of limitations on Serna's ability to sue Mr. Stranathan separately. "If the statute of limitations would preclude the filing of an action against the new defendants in state court, this factor would weigh in favor of granting leave to amend to add the new defendants." *Forster*, 2024 WL 3913461, at *3 (same); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (explaining that courts prefer to remand "when the statute of limitations on the plaintiff's state-law claim[] has expired before the federal court has determined that it should relinquish jurisdiction over the case"). In California, actions for personal injury must be filed within two years of the underlying accident. Cal. Code Civ. Pro. § 335.1. Serna's injury occurred on August 10, 2021, she filed the complaint in state court on July 6, 2023, and the two-year statute of limitations lapsed on August 10, 2023. Accordingly, Serna will be unable to pursue a claim against the store manager unless the Court allows joinder. This factor weighs in favor of joinder.

Third, the Court considers whether there was an unexplained delay in seeking joinder. Serna filed her complaint on July 6, 2023, Costco removed about one month later, and on September 15, 2023 Serna filed her initial motion to join the store manager (albeit the wrong person) and to remand the case. Doc. 4. Serna had to hire a private investigator to attempt to determine the identity of the store manager, and she filed her initial motion to amend and to remand shortly after the case was removed to federal court. Kidwell Decl. ¶¶ 7–8; Doc. 6-1 at ¶ 4. Serna did not unreasonably delay in filing her initial motion. *See, e.g., IBC Aviation Serv.*,

125 F. Supp. 2d at 1012 (finding that motion for post-removal joinder filed over two months after initial complaint was timely).

However, Serna learned on October 31, 2023 – about six weeks after filing her first motion to remand – that Mr. Stranathan, rather than the individual she identified in her initial motion, was the store manager. *See* Doc. 15 ¶ 5.  In its opposition to Serna's initial motion, Costco pointed out that Serna had incorrectly identified the store manager, although Costco did not identify the correct store manager. *See* Doc. 8 at 7.  The private investigator firm that Serna had hired then undertook further investigation, it let go the investigator initially assigned to Serna's case, and a new investigator informed Serna that Mr. Stranathan was the Costco store manager at the time of the incident.  Kidwell Decl. ¶¶ 5–7.  Inexplicably, Serna did not seek to amend her initial motion to remand.  Instead, she waited for this Court to rule on her initial motion even though she apparently knew it was based on incorrect information. *See* Doc. 18.  This factor thus weighs heavily against joinder.

Fourth, the Court considers whether joinder is intended solely to defeat federal jurisdiction.  Although some courts have held that this factor should weigh against the plaintiff when the plaintiff's motive is to orchestrate a remand, *see Dunning*, 2020 WL 6123133, at *4–5, others have looked to the statutory language and legislative history of § 1447(e) to hold otherwise, *see, e.g.*, *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989) (holding that § 1447(e) does not require an inquiry into the plaintiff's motive).  Section 1447(e) creates a unique rule for post-removal joinder which is "a less restrictive standard than for joinder under Rule 19." *IBC Aviation Serv.*, 125 F. Supp. 2d at 1012.  Considering this, courts have recognized that § 1447(e) "was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion." *IBC Aviation Serv.*, 125 F. Supp. 2d at 1012.  In fact, "the question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag*, 2016 WL 6581154, at *5–6 (finding that plaintiff's motive in joining dealership defendant was "not solely to destroy diversity" because plaintiff's claim against dealership was "facially legitimate").  "Courts have permitted joinder even where the plaintiff

6

appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant." *Forster*, 2024 WL 3913461, at *4 (quotations omitted).

Serna has demonstrated that she has a colorable claim against both the store manager and Costco and intends to pursue those claims.  The complaint alleges that Costco and its employees failed to keep the store safe for customers through a variety of omissions.  Compl. ¶ 15.  "The actions of . . . the store manager [are] more than tangentially related [to the claims against Costco] – [his] actions are directly at issue." *Forster*, 2024 WL 3913461, at *4.  Accordingly, this factor supports joinder.

Fifth, the Court considers whether the claims against Mr. Stranathan appear valid.  "This factor requires only that the claim be facially valid, which is a lower standard than on a motion to dismiss or a motion for summary judgment." *Id.* at *4.  As set forth above, this factor is satisfied. Serna alleges a facially valid claim of negligence against Mr. Stranathan.  To make out a common law claim of negligence, a "plaintiff must demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of . . . her injuries." *Morris v. De La Torre*, 36 Cal. 4th 260, 264 (Cal. 2005).  Serna alleges that the store manager owed her a legal duty of care and breached that duty when he failed to remove the slippery liquid substance from the floor, failed to warn customers, and failed to block off the area, among other things.  Compl. ¶¶ 15–18.  Additionally, she alleges that the breach was the proximate cause of her injuries and resulted in pain, suffering, and medical expenses.  *Id.*

As Serna has a facially valid claim against Mr. Stranathan, Costco's fraudulent joinder argument fails.  A defendant seeking to make out a claim of "fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  To meet this "heavy burden," Costco must show either "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*  The first way is not relevant here, as Costco does not allege any actual fraud in plaintiff's pleading of the jurisdictional facts.

Fraudulent joinder can be "established the second way if a defendant shows that an 'individual joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

If there is even a "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1046) (emphasis in original). "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* at 549. Fraudulent joinder may be shown when "a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims," but *not* when a defendant "raises a defense that requires a searching inquiry into the merits of plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49 (citations omitted).

Costco's argument that Serna's motion amounts to fraudulent joinder does not withstand scrutiny. As explained above, she has demonstrated that California common law imposes duties on store managers as well as on their employing companies, and Serna intends to pursue such a claim against the store manager. The Court declines to make "a searching inquiry into the merits of [Serna's] claim" because all that need be shown is a "*possibility* that a state court would find that the complaint states a cause of action" against the store manager. *Grancare*, 889 F.3d at 548. Serna has made that showing, so there is no fraudulent joinder.

Sixth, the Court considers whether denial of joinder will prejudice Serna. She points out that she has a colorable claim against Mr. Stranathan under California law and will be forced to forego that claim if the Court denies joinder. MTR at 16. As Serna would be prejudiced if joinder were denied, this factor, too, favors joinder and remand.

In sum, the § 1447(e) factors on balance favor allowing the joinder of Mr. Stranathan. While Serna's delay in bringing the present motion weighs against joinder, all five other factors support joinder. Moreover, this case has not yet proceeded beyond the initial pleadings stage and Costco has not established prejudice due to Serna's delay in bringing the present motion. Given "the balance of these factors, the strong presumption against removal jurisdiction, and [Costco's]

failure to meet its heavy burden of proving fraudulent joinder," *Forster*, 2024 WL 3913461, at *5, joinder of Mr. Stranathan is appropriate.

**IV.     Conclusion and Order**

Costco removed this action based on diversity of citizenship.  Doc. 1.  As the joinder of Mr. Stranathan, a California resident, defeats diversity, the Court will remand this action to state court.

Accordingly, the Court ORDERS:

1.     Serna's motion, Doc. 22, is GRANTED.

2.     Serna's amended complaint at Doc. 22-1, Ex. C, is deemed filed and is the operative complaint.

3.     This action is REMANDED to Kern County Superior Court for lack of subject matter jurisdiction.

4.     The Clerk of Court shall mail a copy of this order to the clerk of Kern County Superior Court.

5.     The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   <u>October 23, 2024</u>

_____
UNITED STATES DISTRICT JUDGE